[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11227

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL THERON BEAVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00104-RBD-EJK-1

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is **GRANTED**. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (sentence appeal waiver will be enforced where "it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances" (quotation marks and brackets omitted)); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (sentence appeal waiver will be enforced where the waiver provision was referenced during the change of plea hearing and the defendant agreed that he understood and entered the provision freely and voluntarily).

Here, Beaver's sentence appeal waiver was made knowingly and voluntarily. During the plea colloquy, the magistrate judge advised Beaver that he had waived the right to directly appeal his sentence unless one of the four exceptions in the plea agreement applied. The magistrate judge read each of the exceptions to Beaver, and he confirmed that he understood them. Further, the court received confirmation that Beaver was making his appeal waiver freely and voluntarily. By explaining the appeal waiver provision and its exceptions, the court effectively conveyed that Beaver was giving up his right to appeal his sentence under most

22-11227                Opinion of the Court                3

circumstances. *Boyd*, 975 F.3d at 1192. Therefore, the appeal waiver was made knowingly and voluntarily and should be enforced. *See Bushert*, 997 F.2d at 1351. Further, none of the exceptions apply because Beaver 's sentence of 77 months' imprisonment was not greater than the statutory maximum of 10 years' imprisonment, his sentence was not above the guidelines range as calculated by the district court of 77-96 months, the sentence does not violate the Eighth Amendment, and the government has not appealed.